IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Kerwin Ramcharan, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:03-1483-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 28, 2003, pursuant to 28 U.S.C. § 2255, Kerwin Ramcharan ("petitioner") commenced this pro se action claiming that he was denied the right to appeal his conviction and sentence. On April 7, 2005, the government moved for summary judgment. On April 12, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On May 19, 2005, the Court ordered the petitioner to respond to the motion for summary judgment within 30 days and warned the petitioner of the consequences under Rule 56(e) of the Federal Rules of Civil Procedure caused by a failure to respond. To this date, the petitioner has not responded.

On June 20, 2001, a grand jury charged the petitioner and several others in a one-count indictment for conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine. On December 21, 2001, the petitioner pled guilty to the charge. On April 23, 2002, the Court sentenced the petitioner to 120 months confinement followed by 5 years of supervised release. The petitioner did not appeal his guilty

plea or sentence.

The petitioner claims ineffective assistance of counsel for failing to file an appeal after the petitioner requested that he do so.

In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the

context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel for failing to file an appeal after the petitioner requested counsel to do so.

The Supreme Court has decided that a Court should use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).  "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed."  United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing  Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)).  Moreover, a defendant who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit.  Flores-Ortega, 528 U.S. at 485 (citing Rodriquez, 395 U.S at 330).

In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have

chosen to appeal.

Here, the petitioner cannot make this showing. Although the petitioner alleges in his petition that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner pled guilty and although his sentencing guideline range was initially 210 to 262 months, the Court granted the petitioner a downward departure under sentencing guideline 5K1.1 which reduced the petitioner's sentence to 120 months. Cf. Flores-Oretega, 528 U.S. at 480 ("Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea . . . . Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for . . . .").

Second, the petitioner claims he wanted to appeal the firearm enhancement to his sentence. The petitioner initially objected to the firearm enhancement but withdrew the objection prior to sentencing. This tends to show that any discontent with the legality of his sentence arose after the 10 day period to file an appeal had expired. Cf. id. (noting that "only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal").

Third, the petitioner's claim that the Court improperly enhanced his sentence for possessing a firearm during the offense conduct is without merit. The petitioner claims he was neither charged nor convicted of possessing a firearm and consequently he should not have received a two point enhancement for possession of a firearm. The Court enhanced the petitioner's sentence for possessing a dangerous weapon during the course of the offense

conduct. USSG § 2D1.1(b)(1). This is a sentence enhancement and it is not required to be charged in an indictment or proven to a jury. The petitioner's objection is without merit, a fact cutting against the petitioner's assertions that he instructed counsel to appeal.[1]

Fourth, counsel refutes the petitioner's contention with affidavits of his own:

> Based on my usual practice . . . I [] advised [the petitioner] that he had the right to file a Notice of Intent to Appeal, however, due to the fact that it was a guilty plea and he had been given a substantial reduction in his sentence, that there were no issues in which [the petitioner] would be able to prevail on appeal. In a cover letter I attempted to remind [the petitioner] of the ten day Notice of Intent to Appeal. Unfortunately, [the petitioner] must have been in transition as this letter was returned to me. However, I received a letter from him dated [May] 13, 2002 in which he made no mention of wanting to appeal his guilty plea or sentence.[2]
>
> [The petitioner] never asked me to file a Notice of Intent to Appeal within the ten day time period.

Counsel consulted with the petitioner concerning an appeal, but advised the petitioner that no meritorious issues could be raised on appeal. In addition, counsel states that the petitioner did not ask him to file an appeal. The Court therefore finds that the petitioner's affidavit alone is insufficient to overcome the indications in the record that counsel's affidavit correctly states the facts; namely, that the petitioner did not request counsel to file an appeal.

The Court therefore grants the government's motion for summary judgment and

---

[1] The implication of <u>Flores-Ortega</u> is that a petitioner who can show that counsel disregarded his instructions to file an appeal has, by this showing alone, made out a case for ineffective assistance, because he has shown deficiency and prejudice in this situation is presumed. 528 U.S. at 477. Despite the fact that this hypothetical petitioner need not show that his appeal would have had merit, <u>id.</u>, the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place.

[2] In counsel's initial affidavit, he stated that the date of the petitioner's letter was March 13, 2002, which would have been before the Court sentenced the petitioner. In his subsequent affidavit, however, counsel stated the letter was actually dated May 13, 2002.

dismisses this petition.

       **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
July 25, 2005                            **UNITED STATES DISTRICT JUDGE**
Charleston, South Carolina